U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 0 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

HOWARD E. DOUGHTY

versus

JO ANN BARNHART, Commissioner,
Social Security Administration and THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 05-0838
JUDGE TOM STAGG

## MEMORANDUM RULING

This matter was submitted for decision by the court on the briefs. The

plaintiff, Howard E. Doughty ("Doughty"), brought this action alleging that the

Social Security Administration ("SSA")[1] failed to comply with a Final Agency

Decision issued on March 25, 2003, instructing the SSA to place him in the position

of a Social Insurance Specialist Technical Expert GS-12 or equivalent. He seeks

---

[1]In this case, Doughty has sued both the SSA as an entity and Jo Ann Barnhart,
Commissioner of the SSA. However, the SSA itself is not a proper defendant.
    The Age Discrimination in Employment Act ("ADEA") does not explicitly state who
the proper named defendants should be in a discrimination claim by a federal employee. See
29 U.S.C. § 633a. However, the Fifth Circuit has held that plaintiffs must name the head of
the agency as defendant, not the agency itself. See Honeycutt v. Long, 861 F.2d 1346 (5th Cir.
1988)(finding that the ADEA should be construed in accordance with Title VII, which states
that the proper named defendant is "the head of the department, agency, or unit, as
appropriate"). Thus, Commissioner Barnhart is the proper defendant, not the SSA, and the
SSA subsequently is dismissed as a defendant in this case.

1

to enforce that decision.[2]  Doughty also contends that the SSA's failure to do so constitutes retaliation for his protected activity and that the SSA violated his Fifth Amendment rights to equal protection of the law and substantive due process.  In addition to enforcement of the agency decision, Doughty seeks compensatory damages and declaratory relief, or, in the absence of a judgment of relief in this jurisdiction, that the case be remanded to an Equal Employment Opportunity Commission ("EEOC") Administrative Judge.

Federal Rule of Civil Procedure 52(a) provides in part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58.

After considering all of the evidence presented in this matter, reading the trial briefs submitted by the parties, and reviewing the applicable law, the court makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

Doughty is a white male over the age of 40 who is currently a GS-11 Claims Representative with the SSA. He has worked for the SSA in the Minden, Louisiana,

---

[2]Defendant previously filed a motion to dismiss in this case.  See Record Document 18. Because the issues raised in the motion to dismiss are addressed in this ruling, there is no need to issue a separate decision on that motion.

office since 1976. In February of 2001, openings for positions of Social Insurance

Specialist Technical Expert GS-12 ("Technical Expert") in the Louisiana SSA

offices of Minden, Shreveport and Ruston and in the Arkansas SSA office of El

Dorado were announced. Doughty applied for each of these positions, but was not

selected. He timely appealed his non-selection for the position in the Minden office

on the basis of age discrimination and his case proceeded through the appeals

process at the SSA. A hearing was held before an EEOC Administrative Judge in

February 2003. The Administrative Judge ruled in Doughty's favor, resulting in an

order instructing the SSA to place Doughty in the position of Technical Expert, or

an equivalent position, within 30 days of the order. If no such position was

available, the SSA was ordered to pay Doughty front-pay equivalent to the pay he

would receive at such a position until one became available. The SSA adopted the

Administrative Judge's decision in its entirety as its Final Agency Decision.

Thereafter, the SSA offered Doughty a position as a Technical Expert in

Shreveport, approximately 32 miles from his home and from the Minden office

where he had worked for over 25 years. Doughty accepted the position in

Shreveport conditioned upon a determination by the EEOC that the position was

"substantially equivalent" to the previously vacant Technical Expert position in

Minden. Doughty claimed that the position was not substantially equivalent,

3

primarily because of the distance between Shreveport and Minden, and he filed a request for enforcement of the Final Agency Decision with the Office of Federal Operations at the EEOC to that effect.[3]  Shortly after filing this appeal, Doughty received a promotion and back pay commensurate with the Technical Expert position in Shreveport, although he temporarily was allowed to continue working in the Minden office.

In a letter dated October 23, 2003, Ron Marshall ("Marshall"), Area Director of the SSA, ordered Doughty to report to the Shreveport office to assume the Technical Expert position on November 24, 2003.  The letter unequivocally stated that failure to appear in the Shreveport office on that day would be considered a declination of the promotion and Doughty would then be returned to his former position and salary.  This letter also explained that should Doughty decide to move to Shreveport, the SSA would pay his relocation expenses, but should he decide to remain in Minden and commute, it would not pay his travel expenses while his EEOC appeal was pending.

Doughty failed to report to the Shreveport office on November 24, 2003,

---

[3]The court recognizes that Doughty has argued that prior to his being offered the Technical Expert position in Shreveport, another SSA employee had held a similar position in the Shreveport office but was allowed to work in the Minden office.  Doughty claims he was not allowed to do the same.  The court, however, declines to make this finding of fact because it does not affect the outcome of this case.

saying he would remain at the Minden office until the EEOC ruled on his appeal.

Subsequently, Marshall sent Doughty a letter on January 2, 2004, informing him

that because of his failure to report to the Shreveport office, he was being returned

to his prior GS-11 position as a Claims Representative in the Minden office.

Doughty continued working for the SSA in this capacity.

On September 17, 2004, the Office of Federal Operations of the EEOC issued

a decision on Doughty's appeal.  The Office of Federal Operations determined that

"the preponderance of the evidence in the record shows that the Shreveport and

Minden positions were substantially equivalent in duties and responsibilities."  It

further found that the two positions were substantially equivalent despite the

difference in location. Doughty appealed this decision, timely requesting the Office

of Federal Operations to reconsider its decision. On February 14, 2005, the Office

of Federal Operations denied this request.  Doughty then filed suit in this court.

## II. CONCLUSIONS OF LAW

**A.    Plaintiff's Claims Under The Age Discrimination In Employment Act.**

**1.    Plaintiff's Appeal Of EEOC Decision.**

The Age Discrimination in Employment Act of 1967 ("ADEA") was

amended in 1974, extending to federal employees protection of workers over forty

years old against age discrimination in the workplace.  See 29 U.S.C. § 633a.

5

Doughty claims that the SSA is continuing to violate the ADEA by not placing him in the position of Technical Expert in Minden.  Doughty appeals the decision by the EEOC that the Technical Expert position in Shreveport was substantially equivalent to the one in Minden.  He argues that the two positions were not equal, primarily because of the distance he would have to commute, and that, therefore, the SSA has failed to comply with the EEOC's ruling on his age discrimination claim filed pursuant to the ADEA.

### a.   District Court Has Subject Matter Jurisdiction.

A complainant who filed an individual complaint with the EEOC is authorized under the ADEA to file a civil action in the U.S. District Court within 90 days of receiving the EEOC's final decision on an appeal.  See C.F.R. 29 § 1614.407.  Doughty filed a complaint with the EEOC, and the EEOC's decision became final upon its denial of Doughty's request for reconsideration.  Moreover, the Office of Federal Operations of the EEOC, in its decision on Doughty's appeal and its denial of his request for reconsideration, notified Doughty of his right to file a civil action in an appropriate U.S. District Court.  See 2005 WL 433073 (EEOC Doc. 05A50141, Feb. 2005) and 2004 WL 2148716 (EEOC Doc. 01A34349, Sept. 2004).  Thus, Doughty, an individual complainant, is authorized to file his complaint under the ADEA with this court, and this court has subject matter

6

jurisdiction to consider his claim.

The SSA argues that this court lacks subject matter jurisdiction based on a categorization of Doughty's claim as an enforcement claim. For a U.S. District Court to have authority to order enforcement of an administrative agency decision, the EEOC must have made a prior determination that the agency is not complying with the EEOC's prior order. See 29 C.F.R. § 1614.503(g); see also Timmons v. White, 314 F.3d 1229, 1232 (10th Cir. 2003); Malek v. Leavitt, 437 F. Supp. 2d 517, 523-24 (D.Md. 2006). However, in this case, the Office of Federal Operations determined that the SSA was, in fact, complying with the EEOC's prior order, so no such prior determination of noncompliance exists.

Although Doughty requests enforcement of the EEOC ruling in his complaint, his claim is not an enforcement claim. See Record Document 1. Doughty is appealing the determination by the Office of Federal Operations that the Shreveport Technical Expert position was substantially equivalent to the Minden Technical Expert position.[4] As such, this is not an enforcement claim, because he is not seeking to enforce the final EEOC ruling, which states that the positions are substantially equivalent. See Timmons, 314 F. 3d at 1232. Therefore, no prior

---

[4]In addition, the Office of Federal Operations of the EEOC characterizes Doughty's claim as an appeal.

determination of noncompliance by the SSA is required, and this court has jurisdiction to hear this case.

**b.    Standard Of Review.**

Under the Administrative Procedure Act, a U.S. District Court must review a final order by the EEOC for arbitrariness, capriciousness, or abuse of discretion. See 5 U.S.C. § 706(2)(A); Teemac v. Henderson, 298 F.3d 452, 455 (5th Cir. 2002); Exxon Corp. v. U.S. Dept. of Labor, 2002 WL 356517 (N.D. Tex. 2002); see also Allentown Mack Sales & Serv., Inc. v. N.L.R.B., 522 U.S. 359, 374, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998).

**c.    Analysis.**

Doughty challenges the ruling by the Office of Federal Operations of the EEOC that the Minden and Shreveport positions are substantially equivalent and appeals that decision to this court.  The determination of the Office of Federal Operations was based specifically on the fact that the two job postings had identical position descriptions, job titles, occupational series and grade level within the SSA. Additionally, the Office of Federal Operations found that the differences in the duties and responsibilities required in the two positions were not significant.  See 2004 WL 2148716. For example, both positions processed the same types of cases, and the primary function of both positions was to develop and adjudicate claims and

to provide technical advice to other claims processors.  Moreover, the Office of Federal Operations determined that placement in the Shreveport office would not preclude Doughty's chances of future promotion.

Finally, the Office of Federal Operations found that the positions were substantially equivalent despite the 32 mile difference in the locations of the positions.  It specifically noted that the SSA provided evidence that 32 miles was a reasonable commuting difference[5] and that previous EEOC administrative decisions supported that claim.  Such a determination also comported with Section 302-2.6 of the federal travel regulations, which provides that a federal employee is not entitled to relocation expenses when transferring to a new position that is less than 50 miles from the previous position.  See 41 C.F.R. § 302-2.6.  These findings by the Office of Federal Operations of the EEOC were based on the record and were not arbitrary, capricious, or an abuse of discretion.  Consequently, Doughty's claim is denied.

**2.  Plaintiff's Claim Of Retaliation.**

While the ADEA creates a specific cause of action for retaliation against private employers, 29 U.S.C. § 623(d), it does not specifically recognize one against

---

[5]For example, the SSA noted that per 5 C.F.R. §§ 550.112(j) and 551.422(d), to determine whether an employee is entitled to overtime pay for travel, the employee's official duty station is defined as a mileage radius of no more than 50 miles.

federal employers.  See 29 U.S.C. § 633a.  Courts are split on whether such retaliation claims against the federal government are barred by sovereign immunity. See Patrick v. Chertoff, 2005 WL 1827876 (N.D. Tex. 2005), Koslow v. Hunt, 919 F.Supp. 18 (D.D.C. 1995); but see Foreman v. Small, 271 F.2d 285 (D.C.Cir. 2001). Without reaching the question of whether the SSA is protected from a retaliation claim under the ADEA by sovereign immunity, the court finds that Doughty has failed to establish a prima facie case for retaliation.

To establish a prima facie case for retaliation under the ADEA, Doughty must show (1) that he engaged in a protected activity, (2) that there was an adverse employment action, (3) that a causal link existed between the protected activity and the adverse employment action, and (4) that he was qualified for the job.  See Holtzclaw v. DSC Commc'ns Corp., 255 F.3d 254, 259-60 (5th Cir. 2001).  While Doughty did engage in protected activity in pursuing his age discrimination claims with the EEOC, he cannot show that he suffered any adverse employment action as a result.

Doughty argues that the SSA's continued failure to place him in a position substantially equivalent to the Minden Technical Expert position was in retaliation for prosecuting his discrimination claims.  However, it is clear from the record that the SSA did in fact offer Doughty a substantially equivalent position.  The Office

10

of Federal Operations for the EEOC specifically found that the duties and responsibilities of the Technical Expert positions in Minden and Shreveport were comparable and that the approximately 32 mile commute from Minden to Shreveport was within the SSA's 50-mile commuting radius.   Thus, the two positions are substantially equivalent, and the SSA was in compliance with its Final Agency Decision.   The SSA should not be held liable for Doughty's refusal to accept the Shreveport position.   Because Doughty did not suffer an adverse employment action, he cannot establish a prima facie case for retaliation by the SSA and his claim for retaliation is denied.

**B.    Plaintiff's Fifth Amendment Claim.**

Doughty's claim that the SSA violated his equal protection and substantive due process rights guaranteed by the Fifth Amendment must be dismissed for lack of subject matter jurisdiction.  See Paterson v. Weinberger, 644 F.2d 521 (5th Cir. 1981).  In Paterson, the Fifth Circuit dismissed for lack of jurisdiction a federal employee's Fifth Amendment claim for age discrimination by the federal government, recognizing that pursuant to 29 U.S.C. § 633a, the ADEA is the exclusive remedy for age discrimination for federal government employees.  See id. at  524.  The court further stated that "by establishing the ADEA's comprehensive scheme for the resolution of employee complaints of age discrimination in federal

employment, Congress clearly intended that all such claims of age discrimination be limited to the rights and procedures authorized by the Act." Id.; see also Lafleur v. Tex. Dept. of Health, 126 F.3d 758, 760 (5th Cir. 1997) (finding that a federal employee's Fifth Amendment claim of age discrimination was preempted by the ADEA). Because the ADEA is the exclusive remedy for age discrimination claims by federal employees, this court lacks jurisdiction to hear Doughty's Fifth Amendment claim.

## III. CONCLUSION

Because the EEOC's determination that the SSA complied with its order was not arbitrary or capricious or an abuse of discretion, the court will not overturn that decision.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this 4th day of October, 2007.

_____
JUDGE TOM STAGG

12